UNITED STATES of America

v.

Luis A. LOPEZ, Jose Escipion Fernandez–Pino, Julio Cartagena, Alexander Serna, Pablo R. Baez, Alberto M. Benval, Leslihe Abad, Ernesto Perez, Sixto Rivera, Victor Vega, Felix Ramirez Richard Duran, Alicia Milagros, Defendants.

Criminal Nos. 2005–10304–GAO–01, 2005–10304–GAO–05, 2005–10304–GAO–06, 2005–10304–GAO–07, 2005–10304–GAO–08, 2005–10304–GAO–09, 2005–10304–GAO–10, 2005–10304–GAO–11, 2005–10304–GAO–12, 2005–10304–GAO–13, 2005–10304–GAO–15, 2005–10304–GAO–16, 2005–10304–GAO–18.

United States District Court,
D. Massachusetts.

March 29, 2007.

---

**44.** Tolling Agreement, *Affidavit of Ronald L. Kuis*, Paper # 34, Ex. A.

**45.** *Id.*

Robert F. Benson, Jr., Torres, Benson & Guarino, Victoria M. Bonilla–Argudo, Bourbeau and Bonilla, John Lee Diaz, Jose A. Espinosa, Espinosa & Associates, Matthew A. Kamholtz, Feinberg & Kamholtz, Peter B. Krupp, Lurie and Krupp, LLP, Eduardo A. Masferrer, Masferrer & Associates, P.C., James E. McCall, Alan D. Rose, Sr., Rose, Chinitz & Rose, Jane E. Ross, Michael A. Waryasz, Stephen J. Weymouth, Law Office of Stephen J. Weymouth, Boston, MA, Raymond E. Gillespie, Raymond E. Gillespie, Esq., Cambridge, MA, Lauriano Guzman, Jr., West Bronx, NY, Craig Havel, Kristina M. Hedin, The Law Offices of Jose A. Espinosa, William Keefe, Law Office of William Keefe, Jamaica Plain, MA, James B. Krasnoo, Krasnoo Klehm LLP, Andover, MA, Lois M. Lewis, Law Office of Lois M. Lewis, West Newton, MA, John P. Riordan, Jr. Law Office of John P. Riordan, Brockton, MA, for Defendants.

Neil J. Gallagher, Jr., David G. Tobin, United States Attorney's Office, John Joseph Moakley, Boston, MA, for Plaintiff.

### MEMORANDUM AND ORDER ON DEFENDANT CARTAGENA'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RELEVANT TO MOTION TO SUPPRESS (# 210)

COLLINGS, United States Magistrate Judge.

Cartagena's motion to compel (# 210) seeks discovery in connection with a motion to suppress (# 153) which has been filed by defendant Pablo Baez ("Baez"). Both the motion to compel (# 210) and the motion to suppress (# 153) have been joined in by other defendants. The motion to suppress seeks suppression of the fruits of various wiretaps on the ground that the Government allegedly failed to comply with the requirement that its application include a "... full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous" as mandated by 18 U.S.C. § 2518(1)(c) because of allegedly material omissions in the statement.

More specifically, the roles of five confidential sources (denoted CS 1, CS2, CS3, CS4 and CS5) are set forth in the September 29, 2005 affidavit for a wiretap which was subsequently issued by Chief Judge Wolf. CS2 was defendant Baez. The material omissions are alleged to concern Baez' role and what information he was capable of obtaining.

The Government has provided discovery as to Baez. On the sole basis that the defendants allege that there were material omissions as to him, the instant motion to compel discovery (# 210) seeks plenary discovery as to the four other informants

referenced in the application. The defendants' reasoning is that if there are material omissions in the statement respecting Baez and his role, they are entitled to discovery to determine if there were material omissions respecting the roles of the other four. They have presented no evidence whatsoever that any material facts were omitted with respect to the activities of these other informants or the limitations on what information was able to be obtained by them.

 On this record, the motion to compel must be denied. In the absence of any evidence whatsoever indicating that there are any false statements or material omissions in the affidavit as to the other four informants, the Government is entitled to shield their identities. *See Roviaro v. U.S.*, 353 U.S. 53, 62, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). In other words, in these circumstances, the Government's interest in "protecting the flow of information" controls as the defense has not shown any need for the information in order to prepare its defense. *Roviaro*, 353 U.S. at 62, 77 S.Ct. 623. The Court also notes that "[t]he requirement of a full and complete statement [18 U.S.C. Sec. 2518(1)(c) ] cannot possibly mean that every single detail, even if relevant to the wiretap, must be included." *United States v. Yeje–Cabrera*, 430 F.3d 1, 9 (1st Cir. 2005). Further, "... the officer need not detail every single fact, so long as sufficient facts are described as to the crucial issue and material contrary facts are not omitted." *Id.* at 10. *Contra United States v. Salemme*, 978 F.Supp. 343, 348 (D.Mass. 1997).

With these legal parameters in mind, in order to obtain discovery about the other four informants and trump the Government's privilege under Roviaro, the defendants would have to make some preliminary showing that "material contrary facts [have been] omitted" from the application as to each of those informants as to whom discovery is sought. *Yeje–Cabrera*, 430 F.3d at 10. Alleging that there were material misrepresentations as to Baez is simply an insufficient basis to seek discovery as to the other four informants.

Accordingly, it is ORDERED that Defendant Cartagena's Motion to Compel Production of Documents Relevant to Motion to Suppress (# 210) be, and the same hereby is, DENIED.